The next case for argument is Howard Mayo v. Experian Information Solutions. It looks like we have one counsel on Zoom. Mr. Grimm, can you hear me? Yes, I can, Your Honor. Can you hear me? Yes. And I guess we'll give counsel a minute to change tables. Okay. Ms. Garrett, are you ready? Okay. Mr. Grimm, whenever you're ready, proceed. Your Honors, and may it please the Court, Andrew Grimm on behalf of Plaintiff Appellant Howard Mayo. I respectfully request two minutes for rebuttal, Your Honors. Everyone agrees that preclusion principles can apply stemming from a small claims court judgment in Washington. The dispute here is about how to apply it, and I think there are three principles connected with three central authorities that I'd just like to highlight and address any questions that Your Honors have. So I think the first broad principle discussed in the restatement second is that the procedure of the forum of the rendering judgment is intimately connected to the preclusion principles. And so we're used to federal court, which is arguably the most procedurally complex forum. This is a judgment coming out of a small claims court. And so a knee-jerk application of federal preclusion law is not warranted. We want to think about how does the procedure differ. And I think there are many differences that we discussed, but I think one that's crucial for a very narrow reversal here, and it stems from the Avery decision that the district court relied on. And the Avery decision says that if there is no jurisdiction for the rendering court to have considered those claims, then preclusion does not apply as to those claims. And under RCW 1240.010, the only relief that the Washington Small Claims Court can provide is monetary relief, and Mr. Mayo had already maxed that out at $10,000. So even a penny of additional relief requested would have digested the Small Claims Court of Jurisdiction. And so that leads to a very narrow reversal, which is if there are any claims that weren't brought, we typically think of a common nucleus theory in federal court because we have unlimited jurisdiction. The magic's number is 75,000 for diversity cases, and you can't go below it. You can go unlimited above it, and you can bring as many claims as you want. And so that's not true for a small claims court. So the narrow reversal we are requesting in that respect is to say that for any claims that were not adjudicated in the Small Claims Tribunal, those should not be held as precluded because there was no jurisdiction to have heard them. So that's the first point. So what does the Fair Credit Reporting Act, is there like a statutory penalty for each violation, or what's the remedy usually for these violations? So the remedy is it depends if it's negligent or willful. If the court determines it's willful, it's $1,000 statutory damages plus actual damages plus punitives plus attorney fees. If it determines it's negligent, I believe that's actual damages plus attorney fees. In this case, I think there's meaningful actual damages to Mr. Mayo, assuming that he were to prevail because his allegations are his loss of his credit history meant he couldn't get a condominium, and that renting portions of that would supplement his veteran's income. And then in turn, that would allow him to be in the black every month to earn a little bit of extra money. Without that – So you were suggesting a narrow path to reverse. Isn't it just a narrow path to say that these are not common nucleus effects, that they all happen on separate dates, and so therefore they're different nucleus effects? That would work as well, Your Honor. I think either one of those works because the Washington Supreme Court has told us if they arise on separate dates, they're not in the common nucleus. So that would work as well. If I might, in that regard also, that as to each alleged failure under the Fair Credit Reporting Act, the act specifically, I think Section 1681, requires that there's a period of 30 days if there has been no reasonable reinvestigation of a matter, meaning in this case as to each incident, there's a 30-day period for at least having some kind of reinvestigation of it would also apply, would it not? Yes. In terms of a series of events as opposed to one issue. That's correct. And so I think that shows that they should be treated separately. I also think that there's a really big pragmatic importance to not doing a broad common nucleus theory in small claims court. I'm a nonprofit lawyer. If I get someone who seems to have a small claim, you can send it to a small claims court. But if there's a worry of a common nucleus and you'd have to investigate every possible claim for everyone you can't take, then you wouldn't want to send them there on the risk that they might face preclusion. So you'd want to send them to a claim of unlimited jurisdiction like the Washington Superior Court. When that happens, Experian has to remove because there's a lot more cost of litigation to that and they have unlimited exposure on the upside of getting punitive damages. So I think the point of res judicata is to save courts time. It's a finality principle, but it's also to preserve public resources for adjudication of other claims. And so a broad common nucleus restructures the incentives away from a small claims court and in favor of an unlimited court, which exacerbates the smallest of claims. And I think that's utterly contrary to the whole reason that we apply claim preclusion. So I think that's an important consideration is how it structures the incentives of where people who may not have access or ability to have a full-time lawyer get sent in the system. Would you agree that all of the claims arise out of the alleged erroneous reporting of the closed account? If not, then show me one that's different. Well, they do, but they're a little bit different because there's the reasonable procedure claims and then there's the reasonable investigation claims. And those are two separate types of claims. And so one relates to the investigation that the credit reporting agency here, Experian, has to do. The other relates to their procedures for ensuring accuracy in the first place. But for the purposes of this appeal, the district court took for granted that the claims are arising separately over time. And of course, these are two separate types of claims. So I think for the purposes of the appeal, that was taken for granted below. We presented that, took that position in our opening brief. Experian strategically chose not to challenge that because it will allow us to clarify some principles, important ones, we think, of res judicata, Your Honor. And would you agree that all of these claims existed at the time of the entry of judgment in the small claims court, correct? I mean, there are no claims that post-date the judgment. I believe that's correct, but that goes back to the point that there were— I think that's correct, that they certainly—they don't post-date the judgment, but there had been no ability to bring additional claims once he's already put the $10,000 amount in controversy. And there's—I've scoured the statute and the case law. There's nothing that would suggest that he has to just waive his other claims for the purposes of that. Counsel, is it also true that some of the claims occurred after argument in small claims occurred and then entry of judgment? I think that that's right. That's my understanding of the timing of that. Right, so to have brought those claims under small claims, you would have to restart the proceedings and then reamended the complaint and then get a judgment after that, right? Yeah, I think you'd essentially be—from my perspective, I mean, small claims procedure is very different, but it'd be like kind of trying to bring new claims on the eve of trial is more complex. Do you want to save some time for rebuttal? Yeah, can I save some time for rebuttal, Your Honor? Go ahead. Good morning, Your Honors, and may it please the Court, Nathaniel Garrett for Experian. Judge Bumate, I want to start with your last question because I think it's actually a critical factual point. All of the claims—none of the claims accrued or relate to a time period after the hearing. The hearing was on December 16, 2020. The last—there is one reinvestigation claim that comes after the complaint was filed in August 20, 2020, and the last reasonable—the last what he calls a credit report. The last one he calls a credit report was October 26. That's because—that was before the December hearing. That's because the reporting was corrected a month before the small claims hearing in November of 2020. Okay. So all his claims could have been argued in the small claims decision and— So there are nine claims, right, of reinvestigations, my understanding. Correct. And then when was the hearing? December 16 of 2020. Mr. Garrett, the small claims court never made any findings as to the reinvestigation issue, did it? Well, it granted judgment to Experian on both claims, so I think— But exactly what in the record goes in any way made any findings as to that? Well, we're not here to argue issue preclusion. I understand. So — but the point is the claim — the claims were made and judgment was entered on in Experian's favor. Well, is it correct in terms of the — the ambit of this in terms of the issue of race judicata as to a fair credit reporting that claim? Correct me if I'm wrong on this, but first of all, in the small claims court, it isn't that you don't have counsel. You're not allowed to have counsel, correct? Neither side is, so we didn't either, Your Honor. That's correct. Okay. My point is, is that so there is no opportunity for discovery. That's correct. And that's exactly what State Farm v. Avery addressed. I understand. I'm just trying to make sure the big picture is clear here. So there's no opportunity for discovery. There's no permissibility. It isn't that someone proceeds pro se. Someone is not allowed to have an attorney. And essentially, the small claims court judge in the Washington Small Claims Court then informally has — conducts discovery, correct? The judge can ask questions. I mean, the parties are supposed to bring their evidence to the hearing. So it sounds to me like if you proceed, if you're an individual person and you feel the Fair Credit Reporting Act has been violated, it sounds to me like if you make the mistake of going into the small claims court, that just brings the curtain down. Well, sir — With respect to any findings as the requirements of the Fair Credit Reporting Act in terms of reinvestigation, in terms of the 30-day time period, clearly the Fair Credit Reporting Act has a 30-day reinvestigation requirement, does it not? Correct. All right. And so what there's literally no opportunity to investigate that in the sense that if one chooses to go into small claims court, you not only have the issue of the jurisdictional limit under 124010, I mean $10,000 limit, but the entire issue of the Fair Credit Reporting Act is in fair play, apparently, in the hands of a small claims court judge. I think those are really important arguments as a policy matter that could be made to a legislature, and that's why different states have different rules about the preclusive effect of small claims court. But Washington has made that decision, both with respect to issue preclusion and claim preclusion. It differs from other states in some ways, but it's made that determination that these are entitled to claim preclusive effect. And as to the jurisdiction argument, which is really the main argument made in the complaint, I mean, number one, it was waived. It wasn't made below. But I do want to — I'm certainly going to address the merits. This is the precise issue addressed in the Restatement Section 24, Comment G. And we cite a legion of cases that have looked at — that have followed that rule, looked at that issue, and held that if the plaintiff voluntarily brings a claim in small claims court, even though they had the opportunity to go to a court of general jurisdiction in the same State, claim preclusion principles apply. There's a legion of cases that hold that. Simmons, the Second Circuit, recently held that. So there's a good reason for that, because while Mr. Mayo may benefit from a holding that no claim preclusion applies, there are dangerous consequences to holding that doesn't apply to small claims court. It means that you could have inconsistent verdicts. It means that there's going to be de novo review in the superior court, regardless of the evidence. Roberts. Yeah. I mean, I agree with all that. But why is it aren't these individual events, the nine events, not different nucleus of facts? So that's what I don't understand. Sure. So I think nucleus of facts looks at, as the court — as the decisions hold, it looks at whether the claims are related in time, space, motivation, and origin, whether they would form a convenient trial unit, and whether the parties would expect all these to be treated as a whole. And I think here clearly they would. This is what Mr. Mayo himself has said. This is one series of events from November 2019 to 2020. It was one account that he believed should be reporting open that was reported closed. He made a series of requests to Experian to look at why his report was reporting as — as closed or open. They were all the same requests to reinvestigate the same. Sure. But I just don't understand the limits of that. So, like, say that, you know, Mr. Mayo gets in a fight with the same guy nine times, same exact fact pattern, the guy comes over and punches him in the face nine different times, nine different days. Are you saying that, like, we can't charge that person with assault nine different times, or it has to be one assault charge? What I'm — no, no. Right. So I'm just trying to see how that's — Because the difference here is these were all about the same account. They were reaching about the same account. Same exact pattern. But they — and eight of the nine occurred before he filed his small claims complaint. And the point of claim preclusion is to say, could you have brought your claim? Could you have included it? But, you know, say he brought him an assault charge in small claims claim, and he only brought four of the assaults. You're saying he couldn't bring in the other five assaults. If he — if a plaintiff sued on — all nine assaults had occurred before the first time, and he says, we have a problem with our relationship — I don't know what the claim would be, but he's saying, I'm suing you for physical injury, and he doesn't include five of them, absolutely claim precluded. Absolutely. Because he could have and should have brought those if they're all related to the same dispute, which here they are. They're all related to the same account. I mean — Well, just — I mean, it's not the criminal case. But in the criminal context, you would not agree that that's the same, right? They could have been nine separate charges. I don't know about the criminal context. But what I am imagining is the sort of — is all the problems that would arise if you had a consumer who, let's say, makes two — even two different disputes and then brings suit on one. The court says, no, that was — that was reasonable. The account was — even the account was accurate. And then he files a second time and says, well, I could have brought that before, but now I want to relitigate the accuracy of this before a different judge. I mean, I think that's exactly the kind of inconsistent verdicts we ought to be concerned about with — But they're discrete events. I mean, so this involves reinvestigation, right? So, you know, if — if he complains once, experience is supposed to investigate, and then that — the failure to reinvestigate is the cause of action, correct? Correct. Am I getting it? So one time experience could do one action, and on the second time it could do a second action. Right. Right. So — But I think what Your Honor's question is getting to is a little more about issue preclusion. I mean, there might be an argument that, for example, well, it wasn't exactly the same issue that was litigated last time because the fact — you had different facts. Right. You should have investigated it. I get that. But claim preclusion is different. Claim preclusion here is about should he have included this in the first suit because the parties would have expected to litigate all these issues at once. And I think — I mean, doesn't that all go back to the — it seems like the concession that the Federal Credit Reporting Act is all discrete claims. Each event is a discrete claim. Well, there's a difference — there's a difference between reinvestigation and reasonable procedures claims that I do think is important. So the reinvestigation claims, he's got nine different claims. Right. Eight of them occurred before the first complaint was filed. One occurred before judgment. I do want to make the point that under Washington law, what matters is whether those claims occurred before judgment, not after the complaint was filed. That's CODIS-BODE from this case. It's Weaver. So all of those claims we think are important. I think it's a little ambiguous. My reading of those cases is it's a little more ambiguous than that. I think CODIS-BODE, we do think, was clear about that. But I take Your Honor's point. The reasonable procedures claim is a little different because that's tied to credit reports, which go to third parties. Right. In the complaint, there's only two credit reports alleged. This is at 335 and 342 of the excerpts of record. And both of those happened before the complaint was filed. And so he clearly had an — in fact, one of those he definitely did litigate in the small claims judgment and had an opportunity. But for now, for at least our purposes, we can say that the reinvestigation claims is each of the failure — the nine failures to reinvestigate claims are discrete claims. Well, again, we didn't really brief text. We don't think it's material because we think the issue is really was there a common nucleus of operative fact here? Whether they accrue separately or together, are they all part of the same dispute? Are they related in origin, time, and motivation? And here we think they are. While they occurred on different dates, they were the same complaint about the same account for the same reason. We clearly experienced and expected that if we were going to litigate this issue with the Bank of Missouri account, let's do it in one fell swoop. I think Mr. Mayo actually had the same expectation. He just says he discovered, you know, certain evidence after the fact. Any further questions, Your Honors? Thank you. Thank you. Thank you, Counsel. Thank you, Your Honors. I want to make a few quick points. First of all, to my friend's concerns about inconsistent judgments, I think that's an issue preclusion in which we're not deciding. So if the concern is, I think that's a separate issue we're not looking at today. The second, he mentioned that Washington has adopted these. And I would note the Washington Supreme Court has never spoken on these questions whatsoever. And, in fact, there's no Washington State Supreme Court decision that has ever looked at it in small claims. The closest is the 2019 Weaver decision, which we think is one of the most important authorities should be consulted, and it goes there. If Your Honors would be open to it, we'd be happy to file a certification motion to have the Washington State Supreme Court clarify some of this because the two decisions relied on are Avery and Landry, which are from 1990, I think 2002, and don't go there. The third point that we think is important is the Washington Supreme Court's Weaver decision requires a consideration of the justice principles or injustice considerations, and those weren't considered. They render it fundamentally different and an equitable consideration. And I think the final point, if I may, Your Honor? Go ahead. I think the final point here is what is being suggested is that Mr. Mayo would have had to have sacrificed a bunch of claims to go to small claims court. That radically shifts the incentives as to where you file. If you file in the Superior Court, they're going to remove. So it's counterproductive to the whole purpose of res judicata in a simple forum where you can resolve some of the claims. So I think I respectfully disagree with my friend on those points. Okay. Thank you, Counsel. This case is submitted and we are adjourned for today.
judges: THOMAS, BUMATAY, Bennett